UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JORDAN SEPULVEDA,
KRISTA ANSON, and
NICOLE THOMAS,                                         Case No.:
Individually and on behalf of all similarly situated   Hon.
female inmates of the Wayne County Jail,

    Plaintiffs,

vs.

COUNTY OF WAYNE; BENNY N. NAPOLEON,
In his Official Capacity as WAYNE COUNTY
SHERIFF; and OFFICER GRAHAM,
In her Individual Capacity; jointly and severally,

    Defendants.

_____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COME PLAINTIFFS, Jordan Sepulveda, Krista Anson, and Nicole Thomas by and through their counsel, DETTMER & DEZSI, PLLC and file the instant complaint for declaratory and injunctive relief along with their jury demand as follows:

## PARTIES

1. Plaintiff Jordan Sepulveda is a citizen of the State of Michigan and currently resides in Wayne County, Michigan. At present, Ms. Sepulveda is

1

incarcerated at the Wayne County Jail.

2. Plaintiff Krista Anson is a citizen of the State of Michigan and currently resides in Wayne County, Michigan. At present, Ms. Anson is incarcerated in the Wayne County Jail.

3. Plaintiff Nicole Thomas is a citizen of the District of Columbia. At present, Ms. Thomas is incarcerated in the Wayne County Jail.

4. Upon information and belief, each of the named Defendants are citizens of the State of Michigan.

5. Defendant County of Wayne ("County") is a governmental entity in the State of Michigan.

6. Defendant Napoleon is the elected Wayne County Sheriff who is responsible for managing and supervising the Wayne County Jail, and has final policy-making authority for the jail.

7. At all times relevant to this lawsuit, Defendant Graham was employed by the Wayne County Sheriff in the capacity of Deputy and/or a correctional officer at the Wayne County Jail.

8. At all times relevant to this lawsuit, all of the Defendants were acting under the color of law with respect to the events set forth in the Complaint.

9. At all material times, Defendant County of Wayne employed the named

Defendants and is liable for their acts. Wayne County is also liable for the unconstitutional policies, practices, and customs of the Wayne County Sheriff.

10. Defendants are jointly and severally liable to Plaintiff for the claims asserted herein.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, § 1343(a)(1)-(4) and 1343(b).

12. Venue is proper under 28 U.S.C. § 1391(b).

13. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

## COMMON ALLEGATIONS

14. Beginning in April 2019 through the present, Plaintiff Sepulveda has been housed as a female inmate at the Wayne County Jail.

15. Beginning in March 2019 through the present, Plaintiff Anson has been housed as a female inmate at the Wayne County Jail.

16. Beginning in December 2018 through the present, Plaintiff Nicole Thomas has been housed as a female inmate at the Wayne County Jail.

17. During their incarcerations at the Wayne County Jail, Plaintiffs were subjected to unreasonable, unlawful, and unconstitutional strip searches

conducted by agents and/or employees of the Wayne County Sheriff.

18. Specifically, the Wayne County Sheriff has allowed an unconstitutional policy, custom and practice to flourish within the Wayne County Jail whereby female inmates were forcibly exposed in a state of undress to male guards, officers, employees, and other male inmates.

19. During strip searches, Plaintiffs, and hundreds of other female inmates were made to strip down naked in common areas of the Wayne County Jail and in view of male officers as well as other inmates.

20. During such strip searches, Plaintiffs, and hundreds of other female inmates, were forced to bend over and spread their vaginal parts and anus under the pretense of searching for contraband.

21. Defendants conducted these unreasonable and unconstitutional strip searches even if the female inmates were experiencing menstrual cycles which would often result in menstrual discharges in the common areas of the jail during these *en masse* strip searches.

22. During these unconstitutional strip searches, Plaintiffs and hundreds of other female inmates would see and hear the male officers laughing and otherwise mocking them while standing naked and being forced to expose themselves.

23. Plaintiffs were also subject to degrading, humiliating, and sexually

4

exploitive conduct by Defendants who would comment on their breast sizes, inquire of their sexual orientation, and make derogatory comments about their private parts and refer to them as "bleeding hogs."

24. Defendant Graham would routinely degrade and humiliate Plaintiffs, and hundreds of other female inmates, by commenting on the inmates' bodies, telling them their "pussy" stank, referring to some as "funky monkeys," and would light candles and incense while performing strip searches.

25. These strip searches, which were often conducted in groups, were conducted without reasonable suspicion that any particular inmates were in the possession of contraband.

26. Often times these unreasonable and unconstitutional strip searches occurred before and after the female inmates were taken to court proceedings and/or medical examinations during which the female inmates were always in the presence of correctional officers.

27. Plaintiffs each were subjected to several unreasonable and unconstitutional strip searches during their incarcerations at the Wayne County jail.

28. Plaintiffs were also routinely, forcibly exposed to male deputies who often worked in the stations adjacent to the female inmates' housing unit.

29. The male deputies who were assigned to the female housing unit had direct

5

view into the cells of several female inmates including views of the inmates' toilets.

30. The male deputies who were assigned to the female housing unit had direct view into the shower areas of the female inmates.

31. Plaintiffs and other female inmates were often degraded, humiliated, and subjected to inhumane and cruel treatment as described herein for no legitimate penological interest but rather to embarrass, humiliate, and degrade them.

32. Plaintiffs suffered extreme emotional distress, humiliation, embarrassment, and damage as a result of Defendants' degrading, humiliating, and cruel actions.

33. Plaintiffs are putative class members in the case of *Woodall v. Wayne County*, (Dkt # 17-13707) currently pending before the Honorable Arthur J. Tarnow which raises the same *Monell* claims presented herein; that is, the unconstitutional acts, policies, and/or customs of Defendants based on the manner of strip searches conducted by Defendants at the Wayne County Jail.

34. In the related case of *Woodall v. Wayne County*, Judge Tarnow recently denied in part and granted in part Defendants' motion to dismiss. In particular, Judge Tarnow ruled that the named Plaintiffs in the *Woodall* case

      lacked standing to pursue injunctive relief given that they were not incarcerated at the time of filing the action (Case No. 17-13707, Dkt 31, Opinion and Order, pg 10-11). Judge Tarnow denied Defendants' motion to dismiss insofar as Defendants' sought dismissal of Plaintiffs' *Monell* claims.

35. Unlike the *Woodall* Plaintiffs, the present Plaintiffs are currently housed at the Wayne County Jail and thus seek injunctive relief as to the same *Monell* claims presented in *Woodall*.

36. Plaintiffs have exhausted their administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

## **COUNT I; VIOLATION OF THE FOURTH AMENDMENT**

37. Plaintiffs hereby incorporate by reference herein the allegations contained in the above Paragraphs of the complaint.

38. The acts of Defendants as ratified, endorsed, and cultivated by Wayne County and its Sheriff as described herein violated Plaintiffs' privacy rights as guaranteed by the Fourth Amendment to the United States Constitution.

39. Defendants' actions as described herein were undertaken without regard to any legitimate penological interest.

40. Defendants' acts of forcibly exposing Plaintiffs to be seen naked by male deputies and male inmates constituted an unreasonable invasion of privacy

in violation of the Fourth Amendment.

41. Defendants' acts of forcibly exposing Plaintiffs to be seen naked by other inmates in the absence of any legitimate penological interest by Defendants to conduct such group strip searches constituted an unreasonable invasion of privacy in violation of the Fourth Amendment.

42. Defendants' acts of forcibly exposing Plaintiffs to be strip searched while being subjected to derogatory, sexually exploitive, and humiliating comments about their bodies and private parts in the presence of other guards and/or inmates and without a legitimate penological interest constituted an unreasonable invasion of privacy in violation of the Fourth Amendment.

43. Defendants' acts of forcibly exposing Plaintiffs to be strip searched under unsanitary conditions, including being exposed to the bodily fluids of other inmates, without a legitimate penological interest constituted an unreasonable invasion of privacy in violation of the Fourth Amendment.

44. Defendants' actions were not taken spontaneously in response to an emergency, but rather in conformity with the County and Sheriff's Department's deliberate policies, customs, and practices.

45. The constitutional rights that Defendants violated were clearly established at

all times when Defendants violated such rights and a reasonable person in Defendants' position would have understood that their conduct was in violation of those rights.

46. Defendants are therefore not entitled to qualified immunity.

47. By virtue of Defendants' actions, Plaintiffs are entitled to compensatory and punitive damages individually and on behalf of a class of all similarly situated inmates.

### COUNT II; *MONELL* CLAIM AGAINST WAYNE COUNTY AND WAYNE COUNTY SHERIFF FOR ITS UNCONSTITUTIONAL POLICES, CUSTOMS, AND PRACTICES

48. Plaintiffs hereby incorporate by reference herein the allegations contained in the above Paragraphs of the complaint.

49. Defendants County of Wayne and Wayne County Sheriff employed the use of unconstitutional policies, practices, and customs relating to strip searches that resulted in the violation of Plaintiffs' constitutional rights under the Fourth Amendment.

50. Specifically, Defendants County and its Sheriff allowed the following unconstitutional policies, practices, and customs to flourish in the Wayne County Jail:

   a. subjecting female inmates to strip searches in *en masse* without

9

      regard to the inmates' privacy rights and without legitimate penological interest;

    b. forcibly exposing female inmates to strip searches in the presence of or within view of members of the opposite sex without a legitimate penological interest; and

    c. forcibly exposing female inmates to strip searches in unsanitary conditions without a legitimate penological interest;

    d. forcibly exposing female inmates to strip searches while subjecting them to derogatory, degrading and sexually exploitive comments without a legitimate penological interest;

51. Defendants' unconstitutional polices, practices, and customs as described herein served no legitimate penological interest.

### COUNT III; *MONELL* CLAIM AGAINST WAYNE COUNTY AND WAYNE COUNTY SHERIFF FOR INADEQUATE TRAINING AND/OR SUPERVISION OF ITS AGENTS AND EMPLOYEES REGARDING THE CONSTITUTIONAL RIGHTS OF CITIZENS

52. Plaintiffs hereby incorporate by reference herein the allegations contained in the above Paragraphs of the complaint.

53. Defendants County of Wayne and its Sheriff had an obligation to train its employees and/or agents regarding the constitutional rights of citizens under the Fourth Amendment including the right to privacy.

54. Defendants County of Wayne and its Sheriff had an obligation to supervise its agents and employees, including the individual Defendants named herein, to insure that the constitutional rights of Plaintiffs and similarly situated female inmates were not violated.

55. In particular, Defendants' failure to train and supervise its agents and/or employees resulted in the following unconstitutional policies, practices, and customs to flourish in the Wayne County Jail:

    a. subjecting female inmates to strip searches in *en masse* without regard to the inmates' privacy rights and without legitimate penological interest;

    b. forcibly exposing female inmates to strip searches in the presence of or within view of members of the opposite sex without a legitimate penological interest; and

    c. forcibly exposing female inmates to strip searches in unsanitary conditions without a legitimate penological interest;

    d. forcibly exposing female inmates to strip searches while subjecting them to derogatory, degrading and sexually exploitive comments without a legitimate penological interest;

56. Defendants County of Wayne and its Sheriff failed to comply with its duty

to train and/or supervise its employees and/or agents and had a custom or policy of acting with deliberate indifference to violations of the constitutional rights of Plaintiffs and other similarly situated female inmates.

57. By inadequately training and/or supervising its employees and agents and having a custom or policy of deliberate indifference to the constitutional rights of Plaintiffs, Defendants encouraged and cultivated the conduct that resulted in the violation of Plaintiffs' constitutional rights as set forth herein.

58. Defendants' policies, practices, and customs were the moving force in causing Plaintiffs' injuries as described herein.

59. By virtue of the actions of Defendant County of Wayne and its Sheriff, Plaintiffs are entitled to compensatory and punitive damages individually and on behalf of the class of putative class members.

## DAMAGES AND RELIEF REQUESTED

60. Plaintiffs hereby incorporate by reference the allegations contained in the above Paragraphs of the complaint.

61. As a direct and proximate result of Defendants' conduct, each and every one of them, as set forth herein, Plaintiffs' constitutional rights under the Fourth Amendment were violated.

62. As a direct and proximate result of Defendants' conduct, each and every one

of them, as set forth herein, Plaintiffs suffered extreme injury including emotional distress, humiliation, anguish, and embarrassment.

63. Plaintiffs, individually and on behalf of similarly situated individuals, are entitled to any and all damages or losses compensable under federal and state law including, but not limited to, those damages authorized under 42 U.S.C. §§ 1983, 1988, and/or Michigan law.

64. Plaintiffs are also entitled to immediate declaratory and injunctive relief to preliminarily and permanently prevent the further degradation, humiliation, embarrassment, injury, and emotional distress caused by Defendants' actions and unconstitutional policies, practices, and customs as alleged herein.

**WHEREFORE**, Plaintiffs respectfully requests that this Court, by and through its trier of fact enter Judgment in favor of Plaintiffs and against Defendants, together with interest, costs and attorney fees or as otherwise determined by the court or trier of fact.

Respectfully submitted,

Dated: May 13, 2019

*/s/ Michael R. Dezsi*
MICHAEL R. DEZSI
Counsel for Plaintiffs
615 Griswold Street, Suite 1410
Detroit, MI 48226
(313) 281-8090
mdezsi@dezsilaw.com
P64530

13

## **DEMAND FOR JURY TRIAL**

By and through counsel, Plaintiffs hereby demand a trial by jury in the above captioned matter.

>Respectfully submitted,
>
>DETTMER & DEZSI, PLLC
>
>*/s/ Michael R. Dezsi*
>MICHAEL R. DEZSI
>Counsel for Plaintiffs
>615 Griswold Street, Suite 1410
>Detroit, MI 48226
>(313) 281-8090
>mdezsi@dezsilaw.com
>P64530