UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JORDAN SEPULVEDA, ET AL.

      Plaintiffs,

v.

COUNTY OF WAYNE, ET AL.,

      Defendants.
                                  /

Case No. 19-11407

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [21]**

This is the fourth in a series of cases challenging the constitutionality of the policy and practice of the Wayne County Jail system's strip-searching procedures. As in the companion case, *Woodall v. Wayne County*, Case No. 2:17-13707-AJT-EAS, Plaintiffs are women formerly incarcerated by the Wayne County Sherriff. They allege that they were subjected to demeaning, unsanitary, abusive, and invasive group strip searches, and they seek relief under 42 U.S.C. § 1983.

This case differs from *Woodall* in at least one important respect. Plaintiffs — Jordan Sepulveda, Krista Anson, and Nicole Thomas — were all incarcerated at the time that they filed their Complaint. As a result, they may have standing to seek

injunctive relief, unlike the *Woodall* Plaintiffs.[1] Also as a result, Plaintiffs are subject to the Prison Litigation Reform Act of 1995 ("PLRA"), which requires incarcerated persons to exhaust their administrative remedies before filing suit. Defendants have moved to dismiss [21] on the basis of the PLRA's exhaustion requirement.

Because none of the three Plaintiffs exhausted their administrative remedies prior to filing suit, Defendants' Motion will be granted.

## STANDARD OF REVIEW

The PLRA provides, "[n]o action shall be brought with respect to prison conditions under § 1983…by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2000). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

The "dominant concern" of the PLRA is "to promote administrative redress, filter out groundless claims, and foster better prepared litigation of claims aired in

---

[1] As explained in the March 26, 2019 Order in *Woodall* Granting in Part and Denying in Part Defendants' Motion to Dismiss, plaintiffs who were not incarcerated at the time they filed suit do not have standing to seek injunctive relief on behalf of currently incarcerated women. *Woodall v. County of Wayne*, Case No. 17-13707, 2019 WL 1354275 (E.D. Mich. March 26, 2019) (Tarnow, J.).

court." *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (citing *Porter v. Nussle*, 534 U.S. 516, 528 (2002)). Prisoners must exhaust a grievance procedure so long as it is "available." Whether or not such procedure is "available" is not affected by the subjective beliefs of the inmate. *Id.* (citing *Brock v. Kenton County*, 93 Fed. Appx. 793, 798 (6th Cir. 2004) (prisoner must take affirmative steps to file grievance and be thwarted; simple belief that a grievance would be futile is not sufficient to waive exhaustion requirement)).

## ANALYSIS

All three plaintiffs filed grievances according to the procedures of the Wayne County Jails. None of the Plaintiffs waited for the final disposition of those grievances before filing suit.

Plaintiffs present three counterarguments to Defendants' motion. First, they argue that the Wayne County Jail grievance procedure did not govern the complaints in this case. Second, they argue that the procedure was permissive, not mandatory. Third, they argue that Plaintiffs had no duty to appeal the denial of their grievances. For the purposes of this motion, the Court will assume that the Wayne County Jail Operations Manual controlled the grievance process.[2]

    I.    The Applicability of the Grievance Procedure to Strip Searches and Uniform Exchanges.

---

[2] Defendants argue that the Wayne County Jails Inmate Rules and Regulations for the William Dickerson Facility sets forth the controlling regulations, but this dispute has no bearing on the disposition of their motion.

The Wayne County Jail Operations Manual ("the Jail Operations Manual") lists the following as non-grievable issues: "Content of Administrative Rules, Policy Directives, Operating Procedures" and "Issues, which may affect the entire population or a significant number of the inmates." (Dkt. 24-5; PageID 637). Plaintiffs argue that because issues arising from strip searches and uniform exchanges affect all the inmates and are related to the Jail's policy and custom, such issues are non-grievable. If Plaintiffs are right, no remedy would have been available to them, and they would not have needed to file grievances prior to filing suit.

To start, the fact that Plaintiffs did grieve their complaints, and that jail officials did respond to these grievances on the merits, undercuts Plaintiffs' arguments that the issues raised are non-grievable. Moreover, this issue had already been settled by *Weathington v. Cnty. Of Wayne*, No. 12-13573, 2015 WL 3771460 (E.D. Mich. May 22, 2015) (Hluchaniuk, M.J.), adopted by 2015 WL 3770859 (E.D. Mich. June 17, 2015) (O'Meara, J.).

In an evidentiary hearing in that case, Charles Pappas — former Prison Rape Elimination Coordinator and Director of Internal Compliance for the Wayne County Sheriff's Office — admitted that "the proper conducting of the strip search would not be grievable." (Dkt. 24-7; Tr. 183-84). In his Report and Recommendation ("R&R"), Magistrate Judge Hluchaniuk considered the testimony of Pappas, but he nevertheless advised the district court that the language in the Jail Operations

Manual would not have barred a grievance of an unconstitutional strip search. *Id.* at * 8.

The R&R, which was adopted by the district court, considered the types of concerns that inmates could not grieve and noted that the prohibition on grieving the "content of any administrative rule, policy directive, or operating procedure" did not bar complaints of group strip searches because the written policy called for strip searches to be conducted in private when possible. *Id.* at * 6-8. Plaintiffs were complaining that defendants did not follow their own policies, not that the policies themselves were deficient. *Id.*

This is true in this case as well, where Defendants have since added several policy directives forbidding strip searches to be conducted in the presence of guards of the other gender and forbidding the use foul language during strip searches. (Dkt. 24-8). Now, as then, a "grievance may be filed for alleged violations of civil rights or statutory laws, alleged violations of the Sheriff's Office policy, appeal a disciplinary decision, and alleged unsafe or unsanitary living conditions." *Weathington*, No. 12-13573, 2015 WL 3771460, at *7.

The language of the Jail Operations Manual is not sufficient to exempt Plaintiffs' complaints from the PLRA's exhaustion requirements.

II. Whether the Grievance Procedure is Permissive or Mandatory.

The Jail Operations Manual provides for a number of circumstances where a grievance or an appeal "may" be filed. (Dkt. 24-5). Plaintiffs argue that the use of the word "may" in the jail grievance procedures defines them as optional, not mandatory, remedies. They cite *Baker v. Andes*, Civ.A.6:04-343-DCR, 2005 WL 1140725 (E.D.K.Y. May 12, 2005) for the proposition that the following grievance policy is not PLRA-compliant.

> "[a]ny inmate who wishes to file a grievance may obtain forms from any deputy. Fill it out; seal it and send to the front office." *Id*. at * 2.

The Baker *Court* reasoned that the language of the jail policy created only an option that grievances be filed in writing, not a requirement. The critical difference between *Baker* and this case is that in *Baker* the inmate did in fact lodge a complaint via videotape as part of an official investigation. *Id*. at *1. Permissive language may be grounds for filing grievances that do not comport with the guidelines, but it clearly does not make the procedure any less available.

Grievance procedures are always optional in the sense that inmates need not grieve every rights violation they suffer. They *may*, however, grieve any violation for which they seek relief. If such an administrative remedy is "available," an inmate must exhaust its procedures prior to filing suit. *See* 42 U.S.C. § 1997e(a) (2000) (barring suit by prisoners "until such administrative remedies as are available are exhausted.").

III. Whether Plaintiffs Had a Duty to Exhaust Their Administrative Remedies.

The PLRA barred Plaintiffs from filing suit, while incarcerated, before they had exhausted the remedies detailed under the Jail Operations Manual. The Manual provides, "[s]upervisory staff shall have up to 10 days from the referral date of the concern, excluding weekends and holidays, to provide a written response to the inmate." (Dkt. 24-5.; PageID 639). Once the response is provided to the prisoner, she may check a box to appeal the disposition of her grievance. (*Id*; PageID 640). The same timeline governs the appeal. (*Id*.).

Given this timeline, it is indisputable that Plaintiffs did not exhaust their remedies under the grievance procedure before filing suit in May 13, 2019. Taking Plaintiffs' dates as true, Ms. Sepulveda filed grievances on May 6, 2019 and May 9, 2019. (Dkt. 35, pg. 2). Ms. Thomas filed a grievance on May 6, 2019. (*Id*.). Ms. Anson filed a grievance on May 9, 2019. (*Id*.). Whether the Jail submitted its initial responses before or after May 13, 2019 is irrelevant. If it denied the grievances before May 13, Plaintiff had the available remedy of filing an appeal, to which the Jail would have ten days to respond. If it denied the grievances after May 13, Plaintiffs would have filed suit without even waiting to see how the jail would respond to its grievances.

The only period of time relevant to the exhaustion analysis is the seven days between when the first grievance was filed and when this lawsuit was filed.

Plaintiffs' available remedies under the Jail Operations Manual were not exhausted during these seven days, and the Court is not free to waive the PLRA's exhaustion requirement merely because the jail should have known about the issues raised in the grievances.

This suit will therefore be dismissed without prejudice. *See Rinard v. Luoma*, 440 F.3d 361, 362 (6th Cir. 2006) (unexhausted claims are dismissed without prejudice).

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [21] is **GRANTED**.

**SO ORDERED**.

s/Arthur J. Tarnow<br>Arthur J. Tarnow<br>Senior United States District Judge

Dated: October 25, 2019